Good afternoon. May it please the Court, my name is Hillary Walsh. I represent Petitioner Esteban Troncoso. I'd like to reserve 7 minutes for rebuttal, please. Thank you. This is the 70th anniversary of the Immigration and Nationality Act when it was enacted in 1952. And that's what gave rise to the 180-day bar for good moral character that's at issue here. In those 70 years, every single court, and there are about 9 of them that have addressed the issue before the Court today, have reached the same conclusion. And it's the conclusion I ask for this Court to make again today. And it is this. Days behind bars that reduce your sentence that is imposed count toward the 180 days. By contrast, days behind bars that do not reduce the number of days left on your sentence imposed cannot count against you in calculating the 180 days for the good moral character bar. The Board of Immigration Appeals here misapplied its own precedent and went against this Court's precedent, and the holding is contrary to the statute. And that's why this Court should reverse and remand. So let me ask you about that. Because you say they went against their precedent. As I read it, I don't think that their precedent addresses this situation at all. So help me understand why it's against their precedent. I mean, I'm not, and by the way, I don't think you lose if it's, you know, depending on your answer here, but the reasoning is important. Yes, Your Honor. Thank you. So the neat thing about this case is all these other cases, every case on the book on this issue, the individual, let's say the non-citizen, had been sentenced and confined longer than 180 days. We have the opposite here. So I hear you, where you're coming from, where you're saying this is unique, and it is. I'm referencing more the BIA's precedent.  Tell me where the BIA has addressed this issue specifically. Yes, Your Honor. The BIA has addressed this issue two or three times. First in 1957, just a couple years after the statute was enacted, in matter of B. That's B hyphen hyphen. We don't have the full name. Again in 1980. And then the seminal case on this issue is matter of Valdonitos. And that's the one that, I'll have to go back and look at these other two, but Valdonitos I think doesn't address this specific issue. Valdonitos does, Your Honor, in that the holding there is that if, this was all about pre-sentence confinement, and we don't have to get into the weeds on whether this is pre-sentence confinement, post-sentence confinement, any of it, because the holding is all the same, and it goes to what the statute dictates. And the holding what from Valdonitos is that pre-sentence confinement, when it reduces your ultimate sentence, it counts against you for the 180 days. But the board turned that on its head here and went against Valdonitos by saying that time behind bars, that doesn't reduce your sentence, and it didn't here, it didn't reduce the number of days Esteban Troncoso had to serve, still counted against him. So they run counter to each other. We don't need any other rules, but we can go look at the statute on this. So setting that aside, going back to just the plain language, as a result of conviction, there's no question there was a conviction here. The question is, I mean, as a result of, it sort of depends on how broadly you read that language, because I understand that strictly construed it fits your definition, but as a result of conviction, you know, he was still convicted, and they were still confined longer than 180 days. Why does that argument loosely not hold weight? I want to echo back what I think you're asking, because I want to make sure I answer your question. When we look at as a result of conviction, can we also think that as a result of conviction, which is what the government's position is, is confinement related to conviction? I think that that's where the nuance is. And so you would say that they would have had to use, you're basically saying they would have had to use different language. As a result means a closer correlation, not just related to, because this was definitely related to his conviction. It was related to his conviction, but I want to talk to the court about the definition of conviction, which is in the statute, so it's also in 1101. It's at 1101A48, and a conviction is two things. So we don't have to wonder about what as a result of is. This reminds me of Bill Clinton's impeachment about what the meaning of is is. We don't have to wonder what the as a result of is when we look at the definition of conviction, and it's two things, a guilty plea, which we have here, and we have a judge-ordered restraint on the alien's liberty, and that's a sentence. So when we fill in the blank, it's kind of like one of those logic problems from our LSAT days, confinement as a result of a guilty plea and an order. And so really the sentencing order is the cap on the number of days that can be considered confinement as a result of conviction. And that's where, yes, Your Honor. Sorry, you should finish your sentence. I have a factual question. Well, I think that I've lost where I was going, but I'm with you now. I'm sorry. I thought you had paused there. Can you just help me out as a factual matter? Am I remembering right that there's just something weird about the term of imprisonment that your client ultimately served? Wasn't he convicted way back when, and maybe he did some time, and then somehow he did some time later, and then we're getting to the number of days because those two are combined? And maybe that's what caused the confusion for your predecessor down below who kind of conceded that he had exceeded the 180 days had been exceeded. Help me understand from a factual standpoint what happened here. From a factual standpoint, I don't think anyone's conceded anything, and I want to hang on to that. But from a factual standpoint, he was arrested for DUI in 2008, I believe. And then it was about two years later, his next-door neighbor, and I've represented Mr. Troncoso for a long time, and some of this is not in the record, but I'm an officer of the court, and I promise I'm telling the truth. He called the police in January 2018 because his neighbor had pulled a gun on him. So the police came to his home and arrested him even though he was calling for help because he had a warrant out related to this. So he had been confined, had been held in 2008 for about two months, and then later on from January to May in 2018, in total that's 183 days. So just help me, the original confinement, he wasn't convicted back then? No, Your Honor, he was released. And then the same charges got resurrected 10 years later and he served more time? Yes, Your Honor. If we look at the sentencing order, I think it's really helpful because where we get into the weeds and the confusion of all of these cases is terms of art. And one of the really important terms of art that hasn't come out, and I want to bring it to the court's attention right now, is when we look at the administrative record, pages 118 and 119. These are really the two only important administrative record pages in hundreds of pages, but they're the sentencing order. At the bottom of that sentencing order, the judge says, you're sentenced to four calendar months, more or less 120, 122 days, with credit for 183 days, parentheses, time served. That's odd, isn't it? I'll tell you why, Your Honor. It's actually really common. But we go to the next page, and I'll get there. We go to the next page, and we see that he was also sentenced to two years of probation and about $4,500 worth of fines. So the reason Arizona criminal judges put all of that time served on there, time served, is because they need to keep it on the books in case he violates probation and needs to come back. He's going to get credit for that. But that doesn't change the fact that he was sentenced to four calendar months, and under all of the precedent that we have in this court and the board, those are the only days that can count. So this would theoretically be different if he violates his probation, and then the judge says, you've got another 45 days on here. Oh, I see you've already served it. You don't have to go back to jail. But then we'd have a different case. We'd have a different case, and that is exactly one of the cases that the board dealt with. It's called Matter of Piroglu. And there an individual was sentenced to a $25 fine in probation. He didn't pay the fine, and so he had to go back to jail for nine months. And that is a situation where the board held, you are out of luck. That's over 180 days. I know you wanted to reserve more time, but can you address the Tenth Circuit case? That seemed to be the one case that I think is distinguishable, but it gave me some pause as I was reviewing this because they went back through. Is the difference just that retroactively the sentence was changed? Is that the difference in that case? Thank you, Your Honor. The procedural posture is so important to understanding Garcia Mendoza. So the procedural posture there was, for years, respondents, petitioners, whatever we want to call them, non-citizens, had been going back in and asking criminal courts to amend their sentence, and that was working for purposes of the aggravated felony bar to be able to get relief. Because they look at only the term of imprisonment. They don't care when we're calculating for the aggravated felony. They don't care how long you're confined for. They only care what you've been sentenced to, and if it's over one year, you don't pass go, you don't collect $200. They tried to do the same thing here, related to the good moral character bar for 180 days of confinement, and there Garcia Mendoza said, no, you were, at one point in time, they did a non-protonc and all of that, you were at one point in time confined as a result of conviction to more than 180 days. The fact that your sentence has now changed doesn't change the past. If they had gone and gotten the order vacated, the sentencing order vacated and reissued, and that's what a more recent Western District of Washington case has done, Arce Flores, that would be a different situation. But at the end of the day, we don't have to go into those weeds because the math problem stays the same. And I see you nodding, I know you're following me, but I want to really reiterate that days behind bars that don't reduce your sentence, don't reduce the amount of time that you're required to be there, can't count against you for the 180-day purposes, and that goes all the way back to, and I want to mention matter of B one more time, there the board said, and this was 1957, so really close to the enactment of this provision within the statute, the guiding philosophy behind the good moral character bar, undoubtedly, the board's word, not mine, was that a person who served a jail term of over 180 days is not worthy of an immigration benefit. It's the jail term that matters, and we see that in the statute, and I'm going to just have to hang on to my two minutes here, but we see that in the statute, again, with a definition of conviction, guilty plea and a judge-ordered restraint. The sentence caps the number of days that can be considered confinement as a result of conviction. Thank you. Okay. We'll hear from the government. Ms. Arthur. Good afternoon, Your Honors. May it please the Court. I'm Ashley Arthur on behalf of the Attorney General of the United States. The petition for review should be denied for two reasons. One, petitioner failed to meet his burden of proving eligibility for cancellation or removal, and two, he failed to establish any due process violation, let alone substantial justice. Regarding the first issue, petitioner carried the burden of proving eligibility for cancellation or removal, and he failed to meet that burden because it was his burden to show that the good moral character bar did not apply, and he could not meet this burden with an ambiguous sentencing order that mentioned both four months and 183 days incarceration. As part of his burden, it was petitioner's job to put the order in context by producing some evidence that his order was an aberration in Arizona or should otherwise be interpreted as only a four-month sentence, but he failed to do that. Why do you say that the sentencing order is ambiguous? I'm confused about that. What's ambiguous about it? It's ambiguous because petitioner asserts that there's excess time over and over again, and the government does not concede that there is indeed excess time. Therefore, it was petitioner's burden to establish that there was excess time. But what does the four months mean? I mean, he was sentenced to four months. What possible explanation is there for that? Why wouldn't the court just sentence him to 183 days? The court sentenced petitioner to four months, which is the statutory minimum, not less than four months under Arizona law, with 183 days credited. And in an absence of showing that this is an aberration or that Arizona law would treat this as just four months, petitioner failed to meet their burden. This case is very similar to Pareda, the 2001 Supreme Court case, actually, because there, the Supreme Court held an attempt that the noncitizen could not meet his burden with an ambiguous record of conviction. And here, the similarity is that... Okay, so I understand your... Let me push you a little bit, though, because your position is it's ambiguous. What if it weren't ambiguous? What if the court had said, I am sentencing him to 120 days. That is the sentence. It is no further. I recognize he served 183 days. I'm going to credit all the 183 days, but, you know, 57 of that is excess. Would the government then concede that he wasn't in for 183 days? Could you repeat your hypothetical, Your Honor? My hypothetical is just take... You said that the sentencing order is ambiguous. What if it was... I'm trying to take away your ambiguity argument and see what your position is. What if the district court said, I'm sentencing him to 120 days. That's it. That's the term of the sentence. I fully recognize that there's 53 days... I'm sorry, I'm not... 63 days of excess time served here. We're going to credit that, but that's not part of the sentence. Would your position be different then? It's possible that in that scenario, that outcome would be different, but that's not the fact here. The government contends the simplest route to resolving this case is that it's petitioner's burden to prove any uncertainty in the record, as was the case in Pareto. Congress did not want uncertainty to benefit non-citizens when they're seeking relief in the form of cancellation removal in this context. Just out of curiosity... I'm thoroughly confused as to why you think there's uncertainty, but I'm gathering it's not the language that says a term of four calendar months to begin on 5-7-2018, because that's as clear as the hypothetical that Judge Nelson put to you. You're saying that the ambiguity is introduced by the clause that says, with a pre-sentence credit for 183 days, parenthesis times two? Yes, Your Honor. The sentencing order both acknowledges the statutory minimum of not less than the four months, but it also acknowledges the 183 days, and it would have been in the judge's discretion to sentence them beyond that. And in the face of evidence of potential ineligibility, it was petitioner's duty and job to provide evidence that they're indeed eligible and that this was not disqualified, which is very similar to the Pareto case. What's your response to counsel's explanation for why the 183-day credit was noted there in case there's a subsequent probation or parole violation? I would like to see the evidence. The evidence is not in the record. It's attorney argument and assertion, and there was no evidence put forth that this was an aberration. He was represented below by a criminal defense attorney, and he didn't provide an affidavit and pointed to nothing that supported his assertion that his punishment did not include all 183 days. This is a punitive context. It's his fourth DUI. It's an aggravated DUI. It's a Class IV felony. It was well within the trial court's judges' discretion. So your position... Sentencing is a punishment all of the time. It seems like you agree. Both parties agree that the 180 days has to be part of the punishment. My hypothetical that I was raising with your opposing counsel was, could you read as a result of conviction more broadly to just say, hey, you were convicted and you happened to be in jail for more than 180 days? Even the government would say, my interpretation that I'm posing there is not accurate. It does have to be part of the sentence. The statute calls for a focus on actual confinement and not the term of the sentencing order, and the Tenth Circuit Garcia Mendoza case points that out. And it does focus on actual time of confinement. And here it is undisputed that he was confined for 183 days and he was convicted. He spent this time at pretrial detention for this offense, this aggravated felony DUI, and he was ultimately convicted of it. And the burden is on Petitioner to prove that any of that time spent in pretrial incarceration did not count toward 180 days for good moral character. Very similar to the creative case. Can I ask you a different hypothetical? Let's say that the... Again, I'm trying to figure out where you stand just as Judge Nelson would. So if the exact same facts here, except that the sentencing order just said he's sentenced to a term of four months in prison, and then just period, there's no further reference to anything else. But we all know that, in fact, he did serve 183 days of confinement, as you just alluded to. Your position on those facts is what? It's hard to speculate to what the agency would have decided, but that factual scenario would probably be more favorable to a petitioner, but that's not the facts here. The facts here is the sentencing order addresses both the statutory minimum of not less than the four months and 183 days, and it was confinement that was spent for an offense for which he was ultimately convicted. And this is the cancellation or removal context. Parada underscores that Congress did not want uncertainty in this context to benefit the non-citizen, and therefore the petitioner felt that he was burdened. He should have put forth additional evidence to support his assertion that from this time is not intended  part of his time served as a result of conviction. And he was represented below. There's incentive to clarify the record and that he felt to do so, it was his burden. And that's the government's position. If I could interrupt here and assume that we think the order, the sentencing is not ambiguous for purpose of this question. So in that case, I mean, does the government win here? Can the government still prevail if we think the sentencing isn't as clear and it isn't ambiguous? I think it's hard to predict because here the issue is, you know, legal versus factual question. And the days spent in confinement are not at issue. The dispute is all about applying the facts, the time served to the law, period confined as a result of conviction. And that's a legal question. And the legal question is a burden of proof context. And the burden is on petitioner and the government's position is he failed to meet it. And if the court decides that the record is not ambiguous, then it will lead to one result. But the government does not concede that there was indeed excess time here. And that was part of petitioner's burden to prove. And she didn't establish good moral character because in the face of evidence of potential ineligibility, there was nothing that proved indeed. And this time was not considered part of his punishment. It's a lot of speculation when you go down that road. It's a lot of assumptions and speculation. And therefore, petitioner should have clarified. And he was represented in both his immigration proceedings and in his criminal proceeding. And there was incentive to clarify and there was multiple chances to produce additional evidence. And the petitioner did not produce additional evidence. Your Honor. Can I ask you about a matter of... Did I answer your question? Can I ask you about a matter of Valdivinos? What amount of deference do we owe to the BIA in its interpretation in that case? And how binding is that interpretation on this case? Well, a matter of Valdivinos is a presidential board decision. And this court already has a similar decision in Aragon Marino that stands for the same proposition, which is pretrial time counts for purposes of the 180-day rule or for good moral character. And although Aragon Marino did not discuss matter of Valdivinos, the Tenth Circuit, Narcia Mendoza, cased it. And the Tenth Circuit agreed with the board's interpretation there with matter of Valdivinos. And Aragon Marino was in the context of 1101S7. I mean, I guess Valdivinos, it comes back to the same questions we've already been going over, which is was the full time credited towards a sentence or not? Because if it was credited, then Valdivinos seems to make clear that if it's over 180 days, and then it would be binding. But here, it's not clear from the sentence. I mean, it's either ambiguous or it's not ambiguous and it wasn't credited, that that full time. It seems like this case is different than Valdivinos. This case is only different than Valdivinos if we were to assume there was indeed excess time. Got it. But the government's position is it did not even produce evidence that there was indeed excess time here. So this is merely another case where a non-citizen failed to show that any other pretrial time did not count for the 180-day rule. And there's multiple cases, including Aragon Marino from the Ninth Circuit, that already stands with the proposition that pretrial time counts. Okay. I can move on. I have things to say about petitioners. Judge Watford, did you have a question? Yeah, I'm sorry. I don't think you need to address the due process argument. But can I ask you, there was, I think, a Supreme Court case that you were saying earlier in the argument. You said this case is just like that one. Am I misremembering that? Yes, Your Honor. It's Pareto from last year. Okay. I'm familiar with that. Yes, cancellation removal. Our case is dealing with good moral character. Pareto cancellation removal was dealing with CIMT. But I would be happy to move on to the petitioner's argument regarding perceived inequality and inequity. First, there is no evidence in the record that indicates why he could not post bail. This is, again, just petitioner's counsel's assertion. In fact, the record shows he privately retained counsel for his criminal proceedings. And as the Second Circuit noted in a very similar equal protection argument where the petitioner there argued 212 discriminates against indigent noncitizens, the Second Circuit noted that there are different reasons, it's not just indigency, for why noncitizens cannot post bail. For example, they may be a slight risk or be considered a danger to the community. Considering that petitioner is a repeat offender, this is the fourth DUI, aggravated DUI, class 4 felony, perhaps this is a reason he couldn't post bail, maybe he was a danger. We don't know. And again, it's petitioner's burden to show. So this issue that petitioner brings up is not really necessary for the court to reach. And again, the whole idea of crediting time served is if not for the credit, you're still going to serve that time. Posting bail just postpones the inevitable if you're found guilty. And again, Congress was entitled to conclude that uncertainty should not go toward the petitioner's benefit in this cancellation removal contract. And for some reason, my clock is not showing up. I'm speaking. I don't know how to turn it off. You're out of time. So I think if you're at a stopping point, that would be good. OK, I will just briefly conclude. And I will briefly conclude. All right. If there are no further questions, please. The court, the government asked for the petition to be reviewed. The petition for review to be denied. Petitioner failed to meet his burden approving eligibility for cancellation removal and failed to demonstrate any due process violation, let alone substantial justice. Thank you for having me here today. Thank you, Ms. Arthur. We have rebuttal. We're not going to give you the full seven minutes you asked for, but you can have. Yes, this should do the trick. Thank you, Your Honor. So this is a statutory interpretation question. And we just get to live in the statute on this. We don't have to worry about whether, and this is the first time we're really hearing, that the sentencing order is or isn't ambiguous. It's very clear that he was sentenced, the words say, sentenced to four calendar months with credit for 183 days, imperanth, time served. What if we thought that it was ambiguous? Would that change the analysis? What would be ambiguous about? Well, the 183 days, with credit for 183 days. I mean, the government says that possibly you could look at this as four month minimum, he was in for 183 days. He's got 183 days. What if we interpreted it that way? Yes, Your Honor. Time served is a very common sentence. We see that in the case law. So if the court had wanted to sentence him to 183 days, she could simply have sentenced him to time served. But she didn't because they entered a plea. So the plea, and this was a suspended sentence, was for the statutory minimum of four calendar months. And that's what they agreed to, and that's what the court is enforcing. So we don't have any ambiguity. It's very clear what was going on. With respect to, you know, I wish that Arizona had a statute that described how credit for time served in jail before sentencing worked. But there's a case called State v. Kennedy, and it's 472 P. 2nd 59 from 1970. This specifically says that Arizona doesn't have a statute on point for this. I can only make representations about how it works, and this is how it works. We also see in matter of Valdonitos in the appendix, it's specifically California has a statute for how to handle time served in excess, which is exactly what we have here. And that is a dollars, in Arizona we call it the Days for Dollars program. So in Valdonitos it talks about, this is an older case, they get more for it now, if you serve time in excess of what you're sentenced to, it can go against your fine. So you get $30 a day for every day you served beyond your time. Did that happen in this case? No, because he served his four months, and he paid his fine and never came back for probation. Well, but why wouldn't he have gotten credit against the fine for the 63 excess days? I don't know. It is a non-uniform practice. It's probably because they didn't agree to it in the plea deal. So I just want to give the court this as a frame of reference because we start throwing around, we're casting doubt on something that really there is no doubt about. Here's the case, here's what the law is. Confinement as a result of conviction is two things, a guilty plea and a sentence. And we see here without any question that the sentence imposed was four calendar months, 120 days. We know why Congress did this, because if you serve, if you're confined and you're locked up in jail for over 180 days, you're not deserving of this benefit that Congress has carved out. That is not the case here, and holding would overturn prior precedent in this court. The court should vacate, reverse, and remand. Thank you. Thank you, counsel. Thank you both for your arguments. We'll submit the case.
judges: WATFORD, NELSON, LEE